IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

REGIONS BANK                                                                PLAINTIFF

VS                                                  CIVIL ACTION No. 4:09 cv 61 TSL-LRA

BRIAN BRITT and BRENDA BRITT                                               DEFENDANTS

## RESPONSE TO COMPLAINT AND PETITION AND MOTION TO COMPEL ARBITRATION

COMES NOW the Respondent, Brenda Britt, and files this her Response to Regions' Complaint and Petition and Motion to Compel Arbitration, AND COMES NOW Brian Britt and enters his limited appearance solely for the purpose of contesting jurisdiction in this cause, and state the following, to-wit:

1. This Court has no jurisdiction over the parties for lack of diversity and lack of subject matter jurisdiction in this cause and lack of a federal question or issue and this cause should be dismissed.

2. The Petition and Complaint and Motion of the Plaintiff fails to state a cause upon which relief can be granted.

3. Plaintiff's action is wholly frivolous and without merit and should be forthwith dismissed with all costs and sanctions imposed upon the Plaintiff for knowingly filing a false and frivolous action.

4. Plaintiff's action was improperly initiated solely to delay and impede a valid action in state court.

5. In answering the allegations of Plaintiff's Complaint and Petition as enumerated by separate paragraphs, the allegations of paragraph 1 of the Complaint are admitted.

6. In response to the allegations of paragraph 2 of the Complaint, Regions may have designated its principal place of business in Alabama, however Regions is nevertheless also a citizen of the state of Mississippi because of Regions' statewide presence of offices and bank locations all throughout the state of Mississippi and Regions was, and is, conducting business in Ocean Springs, Mississippi where Britts' transactions were first entered into and state court cause of action arose.

7. The allegations of paragraph 3 of the Complaint are denied.

8. The allegations of paragraph 4 of the Complaint are admitted.

9. The allegations of paragraph 5 of the Complaint are admitted.

10. The allegations of paragraph 6 of the Complaint are denied for lack of any arbitration agreement.

11. The allegations of paragraph 7 of the Complaint are denied. Regions is a citizen of Mississippi too.

12. The allegations of paragraph 8 of the Complaint are denied because not only is Regions well established as a resident of Mississippi but all transactions and occurrences giving rise to Britt's cause of action in state court occurred solely within the state of Mississippi where Regions was located and where Regions employees both reside who have been named as Defendants in Britts' state court action in the Circuit Court of Jackson County, Mississippi. Furthermore, Plaintiff is improperly trying to violate the Rules of Court and law by intentionally and purposely omitting from this frivolous Complaint two necessary parties to this action, namely, Michael Jones and Christy Ryan, who are resident adult citizens of the State of Mississippi and which two parties are named as Defendants in Britts' Circuit Court cause of action. Plaintiff intentionally omitted these two necessary parties simply to improperly create the illusion of diversity, YET Plaintiff at the same time improperly attempts to have these two necessary parties participate in this action as interested individual parties of the same, similar, and equivalent capacity as that of unlisted or secret or hidden Plaintiffs shown by Plaintiff's alleged affidavit to participate in arbitration. Plaintiff cannot have it both ways: Plaintiff chooses to have Michael Jones and Christy Ryan participate as necessary parties in arbitration proceedings that Plaintiff is now requesting the Court to compel, yet Plaintiff has not named either Michael Jones or Christy Ryan as Defendant nor joined them as Plaintiff in this cause, and such manipulative conduct by Plaintiff Regions is an improper and unethical attempt at circumventing the law and court rules and is done in bad faith. There is no diversity of citizenship and there is no jurisdiction, nor can Plaintiff falsely create it.

13. The allegations of paragraph 9 of the Complaint are neither admitted nor denied as any alleged court documents or files, if certified, speak for themselves.

14. The allegations of paragraph 10 of the Complaint are neither admitted nor denied as any alleged court documents or files, if certified, speak for themselves.

15. The allegations of paragraph 11 of the Complaint are denied in part as Britt's have never sought any such judgment of billions of dollars from anyone.

16. The allegations of paragraph 12 of the Complaint are admitted.

17. The allegations of paragraph 13 of the Complaint are denied and there is no diversity jurisdiction for reasons detailed above due to Plaintiff intentionally concealing necessary parties to this action.

18. The allegations of paragraph 14 of the Complaint are denied as Brian Britt has not been served with summons and therefore there is no personal jurisdiction and furthermore, venue is not proper.

19. The allegations of paragraph 15 of the Complaint are neither admitted nor denied since venue is not proper in the Eastern Division.

20. The allegations of paragraph 16 of the Complaint are denied as irrelevant for lack of any arbitration agreement and further irrelevant for lack of diversity of citizenship or any other reason.

21. The allegations of paragraph 17 of the Complaint are denied for lack of diversity of citizenship or any other jurisdiction and venue because no interested person nor any event occurred in this venue.

22. The allegations of paragraph 18 of the Complaint are admitted.

23. The allegations of paragraph 19 of the Complaint are denied in part because there was no loan transaction whatsoever occurring on November 30, 2007 and strict proof thereof is demanded, and further, it is affirmatively declared under penalty of perjury that no written agreements nor notes, nor other written instruments were ever signed by Brenda Britt or Brian Britt on November 30, 2007, and that all transactions and written agreements in this case occurred on December 14, 2007 and any alleged instrument on any date other than December 14, 2007 is null and void as being a false, fraudulent, and/or invalid document which was never agreed to as alleged by the Plaintiff.

24. The allegations of paragraph 20 of the Complaint are denied because there was no loan agreement or Deed of Trust nor any other executed business agreement entered into on November 30, 2007.

25. The allegations of paragraph 21 of the Complaint are denied in part as there is no Deed of Trust signed or executed on November 30, 2007 and no valid Deed of Trust exists on our homestead. The alleged Deed of Trust attached as an exhibit of the Plaintiff's pleadings is neither valid nor

enforceable because it falsely claims to evidence an agreement signed and entered into on November 30, 2007 when any such allegation is patently false because Brenda Britt did not sign any such instrument on November 30, 2007. Further, any such alleged Deed of Trust would be null and void and invalid as a matter of law since the purported Deed of Trust alleges to establish a lien upon the homestead property of Brian Britt and Brenda Britt at a time when Brian Britt did not execute any such Deed of Trust, nor is it alleged that Brian Britt executed a Deed of Trust on his homestead property and therefore Plaintiff is now claiming to rely upon an alleged instrument that, even if produced, would nevertheless be unenforceable because it violates the law protecting the homestead of the parties which cannot legally be encumbered by one of the married owners. So even if Plaintiff could somehow show the existence of a Deed of Trust executed on November 30, 2007, which Plaintiff cannot because no such instrument was so executed, at best Plaintiff would still have an illegal, unenforceable alleged lien that violates laws protecting homestead property.

26. The allegations of paragraph 22 of the Complaint are admitted.

27. The allegations of paragraph 23 of the Complaint are admitted.

28. The allegations of paragraph 24 of the Complaint are admitted.

29. The allegations of paragraph 25 of the Complaint are admitted.

30. The allegations of paragraph 26 of the Complaint are admitted.

31. The allegations of paragraph 27 of the Complaint are admitted.

32. The allegations of paragraph 28 of the Complaint are neither admitted nor denied as any alleged court documents or files, if certified, speak for themselves, however there was no escrow account.

33. The allegations of paragraph 29 of the Complaint are neither admitted nor denied as any alleged court documents or files, if certified, speak for themselves.

34. The allegations of paragraph 30 of the Complaint are neither admitted nor denied as any alleged court documents or files, if certified, speak for themselves.

35. The allegations of paragraph 31 of the Complaint are neither admitted nor denied as any alleged court documents or files, if certified, speak for themselves.

36. The allegations of paragraph 32 of the Complaint are denied because there was no, and is no, "November 30, 2007 promissory note" ever in existence as alleged, and the December 14, 2007 note is wholly irrelevant and unenforceable as being moot since said note has been fully satisfied and any agreement whatsoever contained in said note has concluded and therefore is no longer valid as all contractual obligations and agreements by Britt have ended and no longer exist to enforce. Neither Brenda Britt, nor Brian Britt, ever signed or executed any promissory note or other agreement on November 30, 2007, and any such alleged document is null, void, invalid, and unenforceable as there was never any such written agreement entered into by either Brian Britt or Brenda Britt, and demand is hereby made for Plaintiff to produce the original of any such alleged document and demand is hereby made for Plaintiff to produce originals of all alleged documents.

37. The allegations of paragraph 33 of the Complaint are denied because there was no, and is no, "November 30, 2007 Deed of Trust" ever in existence as alleged. Neither Brenda Britt, nor Brian Britt, ever signed or executed any Deed of Trust or any other written agreement on November 30, 2007, and any such alleged document is null, void, invalid, and unenforceable as there was never any such written agreement entered into by either Brian Britt or Brenda Britt, and demand is hereby made for Plaintiff to produce the original of any and all of any such alleged document.

38. The allegations of paragraph 34 of the Complaint are neither admitted nor denied as any alleged court documents or files, if certified, speak for themselves.

39. The allegations of paragraph 35 of the Complaint are denied for lack of any written agreement.

40. The allegations of paragraph 36 of the Complaint are neither admitted nor denied and are wholly irrelevant as any alleged historical event has no connection or relevance with the issues whatever.

41. The allegations of paragraph 37 of the Complaint are neither admitted nor denied and are wholly irrelevant as any alleged historical event has no connection or relevance with the issues whatever.

42. The allegations of paragraph 38 of the Complaint are neither admitted nor denied and are wholly irrelevant as any alleged historical event has no connection or relevance with the issues whatever.

43. The allegations of paragraph 39 of the Complaint are neither admitted nor denied and are wholly irrelevant as any alleged historical event has no connection or relevance with the issues whatever.

44. The allegations of paragraph 40 of the Complaint are neither admitted nor denied and are wholly irrelevant as any alleged historical event has no connection or relevance with the issues whatever.

45. The allegations of paragraph 41 of the Complaint are neither admitted nor denied and are wholly irrelevant as any alleged historical event has no connection or relevance with the issues whatever.

46. The allegations of paragraph 42 of the Complaint are neither admitted nor denied and are wholly irrelevant as any alleged historical event has no connection or relevance with the issues whatever.

47. The allegations of paragraph 43 of the Complaint are neither admitted nor denied and are wholly irrelevant as any alleged historical event has no connection or relevance with the issues whatever.

48. The allegations of paragraph 44 of the Complaint are neither admitted nor denied and are wholly irrelevant as any alleged historical event has no connection or relevance with the issues whatever.

49. The allegations of paragraph 45 of the Complaint are neither admitted nor denied and are wholly irrelevant as any alleged historical event has no connection or relevance with the issues whatever.

50. The allegations of paragraph 46 of the Complaint are neither admitted nor denied and are wholly irrelevant as any alleged historical event has no connection or relevance with the issues whatever.

51. The allegations of paragraph 47 of the Complaint are neither admitted nor denied and are wholly irrelevant as any alleged historical event has no connection or relevance with the issues whatever.

52. The allegations of paragraph 48 of the Complaint are neither admitted nor denied and are wholly irrelevant as any alleged historical event has no connection or relevance with the issues whatever.

53. The allegations of paragraph 49 of the Complaint are neither admitted nor denied and are wholly irrelevant as any alleged historical event has no connection or relevance with the issues whatever.

54. The allegations of paragraph 50 of the Complaint are neither admitted nor denied and are wholly irrelevant as any alleged historical event has no connection or relevance with the issues whatever because Plaintiff has failed to produce any alleged written agreement concerning issues at hand.

55. The allegations of paragraph 51 of the Complaint are neither admitted nor denied and are wholly irrelevant as any alleged historical event has no connection or relevance with the issues whatever because Plaintiff has failed to produce any alleged written agreement concerning issues at hand.

56. The allegations of paragraph 52 of the Complaint are neither admitted nor denied and are wholly irrelevant as any alleged historical event has no connection or relevance with the issues whatever because Plaintiff has failed to produce any alleged written agreement concerning issues at hand.

57. The allegations of paragraph 53 of the Complaint are neither admitted nor denied and are wholly irrelevant as any alleged historical event has no connection or relevance with the issues whatever because Plaintiff has failed to produce any alleged written agreement concerning issues at hand.

58. The allegations of paragraph 54 of the Complaint are neither admitted nor denied and are wholly irrelevant as any alleged historical event has no connection or relevance with the issues whatever because Plaintiff has failed to produce any alleged written agreement concerning issues at hand.

59. The allegations of paragraph 55 of the Complaint are neither admitted nor denied and are wholly irrelevant as any alleged historical event has no connection or relevance with the issues whatever because Plaintiff has failed to produce any alleged written agreement concerning issues at hand. Further, Plaintiff's language, "By way of example" is folly because an "example" IS NOT the issue. It is extremely obvious that Plaintiff only provides an "example" of a written agreement as the sole basis of this frivolous action simply because no actual written agreement exists that addresses the matters raised in this matter. Be assured that if any such alleged written agreement existed, Plaintiff certainly would have made it the center of the Court's attention rather than digress into a monotonous, confusing, and endless discussion of irrelevant "examples" not related.

60. The allegations of paragraph 56 of the Complaint are neither admitted nor denied and are wholly irrelevant as any alleged historical event has no connection or relevance with the issues whatever because Plaintiff has failed to produce any alleged written agreement concerning issues at hand. The events made basis of the Britts' cause of action in the Circuit Court of Jackson County, Mississippi transpired about December 14, 2007 and following, NOT decades or years earlier.

61. The allegations of paragraph 57 of the Complaint are denied as there is no written agreement.

62. The allegations of paragraph 58 of the Complaint are denied as there is no written agreement.

63. The allegations of paragraph 59 of the Complaint are admitted in part.

64. The allegations of paragraph 60 of the Complaint are admitted.

65. The allegations of paragraph 61 of the Complaint are denied as there is no written agreement.

66. The allegations of paragraph 62 of the Complaint are as there is no valid agreement to arbitrate.

67. The allegations of paragraph 63 of the Complaint are denied and are wholly irrelevant as it pertains to this case because there Plaintiff has failed to produce any written agreement.

68. The allegations of paragraph 64 denied as no written agreement has been signed by Britt's.

69. The allegations of paragraph 65 of the Complaint are denied as there is no written agreement.

70. The allegations of paragraph 66 of the Complaint are denied.

71. The allegations of paragraph 67 of the Complaint are denied as there are no such valid documents.

72. The allegations of paragraph 68 of the Complaint are neither admitted nor denied as any alleged court documents or files, if certified, speak for themselves.

73. The allegations of paragraph 69 of the Complaint are denied.

74. The allegations of paragraph 70 of the Complaint are neither admitted nor denied as such is irrelevant, except to show Plaintiff's misconduct in now attempting to hide interested parties for sake of violating Rules of Court by falsely creating an illusion of diversity for Mississippi parties.

75. The allegations of paragraph 71 of the Complaint are denied.

76. The allegations of paragraph 72 of the Complaint are denied and further is highly improper as Plaintiff clearly shows by such language that Christy Ryan and Michael Jones are both interested parties who are obviously represented by Plaintiff's attorney in this frivolous action, yet BOTH are intentionally omitted from this action as either a named Plaintiff or Defendant because BOTH are residents of the state of Mississippi and are being wrongfully concealed to hoodwink the Court.

77. The allegations of paragraph 73 are denied as irrelevant to this action lacking a written agreement, and further denied due to lack of diversity of citizenship despite Plaintiff's ill efforts to claim it.

78. The allegations of paragraph 74 of the Complaint are denied as there were no interstate transactions, but simply involved things that happened solely within the state of Mississippi.

79. The allegations of paragraph 75 of the Complaint are denied and further, are wholly confusing as to why the interests of Christy Ryan and Michael Jones are repeatedly raised by the Plaintiff who intentionally chose to hide and conceal BOTH interested parties to improperly defeat Court Rules in an attempt to create the illusion of diversity of citizenship when BOTH reside in Mississippi.

80. The allegations of paragraph 76 of the Complaint are denied for all of the reasons stated above.

81. The allegations of paragraph 77 of the Complaint are denied for all of the reasons stated above.

82. The allegations of paragraph 78 of the Complaint are denied for all of the reasons stated above.

83. The allegations of paragraph 79 of the Complaint are denied for all of the reasons stated above.

84. The allegations of paragraph 80 of the Complaint are denied for all of the reasons stated above.

85. The allegations of paragraph 81 of the Complaint are denied for all of the reasons stated above.

86. The allegations of paragraph 82 of the Complaint are denied and further, the Plaintiff is not entitled to any relief whatsoever due to bad faith when there is no jurisdiction and no written agreement.

87. The allegations of paragraph 83 of the Complaint are denied and further, the Plaintiff is not entitled to any relief whatsoever due to lack of good faith at a time when Plaintiff very clearly exhibits bad faith by attempting to improperly create jurisdiction and improper venue when there is no real jurisdiction due to all parties and all transactions and events occurring solely within the state of Mississippi and further by filing a complaint for arbitration when no written agreement exists.

88. Wherefore, Brian Britt, appearing solely to show no jurisdiction exists, and Brenda Britt, respectfully requests that this matter be summarily dismissed as a matter of law as there is no jurisdiction in this cause of action and this Court has neither jurisdiction of the subject matter nor of the parties as Plaintiff now seeks to compel arbitration when there is no valid written arbitration agreement signed by neither Brenda Britt nor Brian Britt concerning the issues raised in Britts' cause of action pending in the Circuit Court of Jackson County, Mississippi. Plaintiff repeatedly made vague references, over and over again, to a lengthy list of irrelevant "agreements", yet has

## CERTIFICATE OF SERVICE

I do hereby certify that I have this date mail by United States Mail, postage, a true and correct copy of the above and foregoing Response to the Plaintiff's attorney at their usual business address.

DATED THIS 18th day May, 2009.

By: /s/ Brian Britt
Brian Britt

wholly failed to produce any valid written arbitration agreement signed by Brian Britt or Brenda Britt. Further, Plaintiff's entire action in this matter is wholly frivolous for reason that Plaintiff attempted to improperly create the illusion of jurisdiction where none existed and the appropriate sanctions should be imposed upon the Plaintiff for knowingly and intentionally withholding interested and necessary individuals as parties to an action for purposes of trying to circumvent the Court Rules and the laws governing diversity jurisdiction, while at the very same time blatantly and repeatedly raising all throughout Plaintiff's pleadings multitudes of specific allegations and specific issues of interest to both unnamed parties, Christy Ryan and Michael Jones, yet Plaintiff selectively omitted their names as formal parties. This was highly improper and all Complaints, Petitions, Motions to Compel, Injunction Requests, and any and all relief sought by the Plaintiff in this matter should be forthwith dismissed with all costs to Plaintiff including sanctions imposed and including all costs and burdens upon the Britt's to defend such frivolous action that was initiated by the Plaintiff for the sole purpose of improperly interfering with a state court action.

Respectfully submitted this the 18th day of May, 2009,

_____
Brenda Britt, Respondent

_____
Brian Britt, Respondent

6312 Allen Road
Ocean Springs, MS 39565
228-875-6933

STATE OF MISSISSIPPI
COUNTY OF LAWRENCE

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the jurisdiction aforesaid, Brian Britt, and also Brenda Britt, who each individually acknowledged before me after each being duly sworn, that he and she executed the above in my presence and further, that each individually declared under oath that all of the factual statements made in the above and foregoing Response to Complaint, Petition, and Motion are true and correct to the best of his and her abilities, on this the 18th day of May, 2009.

GIVEN MY HAND AND OFFICIAL SEAL, on this the 18 day of May, 2009.

My commission expires: _____

[Notary Seal: STATE OF MISSISSIPPI, ID # 76610, GLENDA D. SMITH, Commission Expires Feb. 9, 2013, LAWRENCE COUNTY]

_____
NOTARY PUBLIC