```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF MISSISSIPPI
                       EASTERN DIVISION
```

REGIONS BANK                                    PLAINTIFF/PETITIONER

VS.                                 CIVIL ACTION NO. 4:09CV61TSL-LRA

BRIAN BRITT and BRENDA BRITT                  DEFENDANTS/RESPONDENTS

### MEMORANDUM OPINION AND ORDER

This cause is before the court on the renewed motion of plaintiff Regions Bank (Regions) pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, to compel arbitration of the claims asserted in this cause by Brian Britt. Defendant Brian Britt has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion to compel arbitration is well taken and should be granted.

Regions initially filed its motion to compel arbitration as to defendants Brenda Britt and Brian Britt on May 5, 2009, seeking to require them to arbitrate all claims set forth in a lawsuit filed by them in the Circuit Court of Jackson County, Mississippi against Regions and two Regions employees, Christy Ryan and Michael Jones. The Britts had filed that lawsuit in December 2008, demanding recovery for injuries and damages suffered in connection with certain loans from Regions as a result of Regions'

having allegedly failed to remit escrowed property tax funds and having failed to timely release a lien or assignment on $18,000 that was being held as collateral. By memorandum opinion and order entered June 23, 2009, the court granted the motion to compel as to Brenda Britt, but it concluded that the motion could not be granted as to Brian Britt at that time because Brian Britt had not been served with process. As Brian Britt has now been served with process. Regions has renewed its motion to compel arbitration of the claims of Brian Britt.

Regions bases its motion to compel arbitration on arbitration provisions included in a promissory note and deed of trust purportedly signed by Brenda Britt on November 14, 2007, and a promissory note signed by Brenda Britt on December 14, 2007, which arbitration provisions recite that the parties agree to arbitrate "all disputes, claims or controversies between them, whether individual, joint or class in nature, arising from this [note/Deed of Trust] or otherwise, including without limitation contract and tort disputes." Regions maintains that just as Brenda Britt is required by these provisions to arbitrate her claims against Regions, so, too, is Brian Britt required to arbitrate the claims he has asserted in the Jackson County lawsuit.

In addition, Regions contends that Brian Britt is required to arbitrate his claims in accordance with arbitration provisions in

agreements to which he has agreed in connection with other accounts he has had with Regions, including his checking account agreement, his Electronic Banking Agreement, his Cardholder Agreement and his eAgreement. It points, for example, to an arbitration provision in the Deposit Agreement governing Brian Britts' accounts with Regions, which broadly provides for arbitration of "any controversy, claim, counterclaim, dispute or disagreement between you and us, whether arising before or after the effective date of this Agreement (any 'Claim')[,]" including any claim

> arising out of, in connection with or relating to ... (5) any alleged contract or tort arising out of or relating in any way to the Agreement, any account, any transaction, any advertisement or solicitation, or your business, interaction or relationship with us; ... (7)any statements or representations made to you with respect to the Agreement, any account, any transaction, any advertisement or solicitation, or your business, interaction or relationship with us; or (8) any of the foregoing arising out of, in connection with or relating to any agreement which relates to the Agreement, any account, any transaction or your business, interaction or relationship with us."

Regions submits that Brian Britt's claims fall within these provisions.

In his response, Brian Britt argues that the motion to compel must be denied because neither he nor his wife, Brenda Britt, signed any notes, agreements or other instruments on November 30, 2007, and that therefore, the promissory note and deed of trust

3

dated November 30, 2007, which contain the arbitration provision(s) on which Regions' motion is based are "fraudulent or forged and are not valid legitimate documents that can be enforced by this court or any other court"; because the deed of trust on which Regions relies is false or fraudulent and invalid for the additional reason that it purports to encumber marital property and yet is purported to have been signed only by Brenda Britt and not also by Brian Britt; and because arbitration provisions contained in other agreements signed by Brian Britt in connection with unrelated accounts and transactions with Regions (or its predecessor) are "irrelevant as it pertains to this case."[1] For the reasons that follow, the court concludes that Regions' motion to compel should be granted.

---

[1] Brian Britt also argues, as did his wife previously, that this court lacks subject matter jurisdiction (diversity jurisdiction) because other interested nondiverse persons, namely Christy Ryan and Michael Jones, have not been made parties in this case; that this court lacks jurisdiction to grant Regions' request for arbitration under the FAA as the subject transactions were not "interstate transactions"; and that venue is improper in the Eastern Division. In its earlier opinion in this case, the court expressly addressed and rejected each of these arguments, and it does so again now. The court notes that Brian Britt argues additionally in response to Regions' renewed motion that Regions only filed this case in the Eastern Division in order to create hardship on the Britts and that, in fact, this has created a "tremendous unreasonable hardship on them," and he thus has requested that the court transfer venue. However, he has made no showing that a transfer of venue is warranted, see 28 U.S.C. § 1404(a) (establishing criteria for transfer of venue). His request to transfer will therefore be denied.

4

Brian Britt insists that neither he nor his wife was involved in any loan transaction with Regions on November 30, 2009, and he maintains, instead, that their only loan transaction with Regions closed on December 14, 2007. He has presented an affidavit in which he attests to this version of events. Mr. Britt argues that the loan documents bearing the November 30, 2007 date are a forgery, and thus false, fraudulent and invalid. However, and significantly, Brian Britt does not deny that he and his wife attended a loan closing on December 14, 2007, at which Mrs. Britt signed a promissory note; and the promissory note signed on December 14 contains a broad arbitration provision, requiring arbitration of "all disputes, claims and controversies between us ... arising from this Note or otherwise, ... including, without limitation contract and tort disputes...."[2]

---

[2] Regions has argued that because Mr. Britt has denied only that a promissory note and deed of trust were signed on November 14, 2007, and he has not denied that a promissory note and deed of trust were signed by his wife on December 14, 2007, then the question is whether the November 30, 2007 note and deed of trust are unenforceable because they bear the incorrect date. While Mr. Britt has argued that the November 30 document does not simply bear the incorrect date, but is a forgery, he has presented no evidence that his wife did not, in fact, sign the documents bearing the November 30 date. He does state that he was seated next to his wife during the December 14, 2007 closing and that he did not see her sign a deed of trust on that date; but the fact that he did not see her sign a deed of trust does not establish that she did not do so. And, in her response to Regions' initial motion to compel, Brenda Britt presented no evidence that she did not sign the subject documents. In the court's opinion, the evidence does not tend to show that Brenda Britt never signed these documents, only that she did not sign them on November 30. Whether this affects enforceability of the agreements, including

5

Although Brian Britt did not sign the loan documents on the transaction that is the subject of the Britts' Jackson County lawsuit against Regions, he is nevertheless bound by the arbitration provisions contained therein. As Regions notes, the Britts have sued Regions for breach of contract based on the loan transaction, including the promissory notes. Having accepted the benefits of these contracts with Regions, Brian Britt is estopped from avoiding the arbitration provisions contained therein. See Grigson v. Creative Artist Agency, LLC, 210 F.3d 524, 529 (5th Cir. 2000) (holding that a party whose lawsuit "makes reference to or presumes the existence of the written agreement" is obligated to arbitrate if the written agreement contains an arbitration clause") (quoting MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942, 947 (11th Cir. 1999)). See also ; see also Wash. Mut. Fin. Group, L.L.C. v. Bailey, 364 F.3d 260, 267 (5th Cir. 2004) (holding that non-signatory wife could be compelled to arbitrate, as she was

---

the arbitration agreement contained therein, is not for the court to decide, but rather is for the arbitrator under Prima Paint Corp. v. Flood & Conklin Manufacturing Co., 388 U.S. 395, 87 S. Ct. 1801, 18 L. Ed. 2d 1270 (1967), since it goes to the validity of the agreement as a whole, and not just to the validity of the arbitration agreement.

Brian Britt's further argument that the arbitration agreement in the deed of trust bearing Brenda Britt's signature is unenforceable because the deed of trust is itself invalid and enforceable since it encumbers marital property without his consent, is likewise foreclosed by the Supreme Court's decision in Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S. Ct. 1801, 18 L. Ed. 2d 1270 (1967).

trying to "hav[e] it both ways" by "suing based upon one part of a transaction that she says grants her rights while simultaneously attempting to avoid other parts of the same transaction that she views as a burden-namely, the arbitration agreement"); Mississippi Fleet Card, L.L.C. v. Bilstat, Inc., 175 F. Supp. 2d 894, 903 (S.D. Miss. 2001) ("To allow a plaintiff to claim the benefit of the contract and simultaneously avoid its burdens would both disregard equity and contravene the purposes underlying enactment of the
Arbitration Act").

In addition to reliance on the promissory notes and deed of trust as the source of its right to compel arbitration of Brian Britt's claims in the Jackson County lawsuit, Regions also maintains that Brian Britt is bound to arbitrate those claims in accordance with other account agreements with Regions and/or its predecessors which contained arbitration agreements. Although Brian Britt contends that these other agreements are simply irrelevant to the present controversy, the court concludes otherwise. As the court recognized with respect to Brenda Britt, the arbitration agreement set forth in the Deposit Agreement which governs these other accounts broadly provides for arbitration of "any dispute" "arising before or after the effective date of this Agreement" and arising out of or relating to "any account, any transaction, ... or your business, interaction or relationship

7

with us." In the court's opinion, this broad language extends to Brian Britt's claims in the underlying lawsuit.

As the court observed in ruling on Regions' initial motion to compel arbitration, it is manifest that the claims in the Britts' underlying lawsuit against Regions and its employees Christy Ryan and Michael Jones arise out of and/or relate to the various loan transactions in connection with which Brenda Britt executed documents containing broad arbitration provisions and other accounts in connection with which Brian Britt executed agreements containing broad arbitration provisions. It is further manifest that Brian Britt has offered no valid basis for relieving him of his obligation to arbitrate his claims against Regions. Moreover, it is also apparent that he is bound to arbitrate his claims against Regions' employees Christy Ryan and Michael Jones, as he has made allegations of interdependent misconduct between Regions, Christy Ryan and Michael Jones. See Grigson, 210 F.3d at 527 ("application of equitable estoppel is warranted when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract").

Accordingly, it is ordered that the motion to compel arbitration as to Brian Britt's claims is granted. It is further ordered that Brian Britt's claims in the underlying action against

Regions, Jones and Ryan are stayed and enjoined pending arbitration.

SO ORDERED this 10th day of November, 2009.

                                           /s/Tom S. Lee
                                           UNITED STATES DISTRICT JUDGE